IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CRITICARE SYSTEMS INC.,** | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **BIOCARE CORPORATION,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Criticare Systems, Inc., requests the confirmation of a final arbitration award against respondent, BioCare Corporation, under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*

### PARTIES

1. Petitioner Criticare Systems, Inc. (Criticare) is Delaware corporation with its principal place of business located in Waukesha, Wisconsin.

2. Respondent BioCare Corporation (BioCare) is, upon information and belief, a Taiwanese corporation with its principal place of business in Taiwan.

### JURISDICTION AND VENUE

3. This petition seeks to confirm a final arbitration award entered on June 9, 2014 under the FAA, 9 U.S.C. §§ 6 and 9. This petition has been brought within one year after the award was made as provided under § 9 of the FAA.

4. This court has subject matter jurisdiction under 28 U.S.C. § 1332 (c) (1), as complete diversity of citizenship exists between Criticare, which is a citizen of

Delaware and Wisconsin on the one hand, and Biocare which is a citizen of Taiwan. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Personal jurisdiction and venue are proper in this district under 9 U.S.C. § 9. The Supply Partnership Agreement (Agreement), which required the parties to arbitrate their dispute, permits "the application may be made to any court for a judicial acceptance of the award or order of enforcement." *See* Agreement attached as Exhibit A, ¶ 16 (3). Because the arbitration award was entered in Chicago, Illinois it satisfies the venue requirement of § 9 of the FAA.

## STATEMENT OF FACTS

6. On or around August 1, 2001, BioCare and Criticare entered into the Agreement.

7. BioCare and Criticare performed under the Agreement until it was terminated on August 1, 2011.

8. Upon termination of the Agreement, BioCare asserted claims against Criticare for (1) Criticare's alleged failure to reimburse BioCare for $1,892,650.43 in costs related to raw materials, (2) Criticare's alleged failure to pay $700,917.26 in interest on invoices, (3) damages for Criticare's alleged failure to honor an exclusivity provision in the Agreement, and (4) attorneys fees amounting to $2,380,725.98 and for Criticare to be enjoined from purchasing product from an affiliate for at least 18 months.

9. Criticare, in turn, asserted claims against BioCare, alleging that (1) BioCare's alleged poor performance under the Agreement caused Criticare to lose enterprise value amounting to about $20 million and (2) BioCare owed $560,844 for product it shipped without the required components.

10. The Agreement required that all disputes arising out of or relating to the Agreement be submitted to arbitration and conducted in accordance with the commercial arbitration rules of the American Arbitration Association ("AAA") in Waukesha, Wisconsin. *See* Ex. A, ¶ 16(3).

11. Despite the location specified in the Agreement, the parties proceeded to arbitration before the AAA in Chicago, Illinois in ICDR Case No. 50 122 T 00561 12.

12. On June 9, 2014, the Arbitrator issued an arbitration award (Award) denying all claims and counterclaims and directing that $35,556.08 in administrative fees and expenses of the International Center for Dispute Resolution, and $45,476.18 in expenses and compensation for the Arbitrator, be borne as incurred. A copy of the Award is attached as Exhibit B.

13. The Agreement provides that "application may be made to any court for a judicial acceptance of the award or order of enforcement." *See* Ex. A, ¶ 16(3).

14. Section 12 of the FAA requires that any "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." As stated above, the Award in this case was filed on June 9, 2014. No motion to vacate, modify, or correct the Award has been made within the three months required by § 12 of the FAA.

## CONCLUSION

Since no motion to vacate, modify, or correct the Award had been made within the time required by § 12 of the FAA, there are no grounds to challenge the confirmation of the Award. Therefore, Criticare requests that the court confirm the Award and enter judgment upon that confirmation.

Dated: March 10, 2015              Respectfully submitted,

                                   Criticare Systems, Inc.


                                   By: /s/  *E. King Poor*
                                        One of its Attorneys


E. King Poor (ARDC No. 3128425)
Melissa Manning (ARDC #6288381)
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000